# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**ZESTER WILLIAMS, SR.,**           :
                                    :
   Plaintiff,              :
                                    :
v.                                  :
                                    :  Civil Action No. 6:05-cv-65(HL)
**CARLTON POWELL, et al.,**         :
                                    :
   Defendants.             :
_____

## ORDER

On December 16, 2005, Plaintiff, Zester Williams, Sr., filed a complaint and request to proceed without prepayment of fees. Williams was a prisoner at the time of filing and his complaint, which was filed pursuant to 42 U.S.C.A. § 1983, was brought against the officials at the facility where he was confined. Consistent with the practices of this Court, Williams' request to proceed without prepayment of fees was referred to a United States Magistrate Judge. By Order entered January 11, 2006, the Magistrate Judge determined that Williams should be allowed to proceed *in forma pauperis.*

With respect to the right of prisoners to proceed *in forma pauperis*, 28 U.S.C.A. § 1915(a)(1) provides that courts may authorize the commencement of suit without prepayment of fees. However, § 1915 denies this right to certain litigants. Specifically, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g) (West Supp. 2006). Section 1915(g) is commonly referred to as the "the three strikes rule." The United States Court of Appeals for the Eleventh Circuit has held that when a prisoner plaintiff is barred by the three strikes rule from proceeding *in forma pauperis*, he must pay the filing fee at the time he initiates his lawsuit. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). Furthermore, the court of appeals concluded in Dupree that when a district court denies a prisoner leave to proceed *in forma pauperis*, "the proper procedure is for the district court to dismiss the complaint without prejudice." Id.

As noted previously, in this case Williams was permitted to proceed without prepayment of fees. However, it has come to the Court's attention that in a previous order entered in a case in this District, it was determined that Williams met the three strikes requirement. *See* Williams v. Colquitt County Drug Squad, Civil Action No. 6:01-cv-28 (wls), filed April 17, 2001. In that order, which was entered before the decision in Dupree was handed down, Williams was ordered to pay the filing fee. His case was ultimately dismissed for failure to pay.

Given that § 1915(g) prohibits a prisoner from proceeding without prepayment of fees if he has already had three strikes entered against him, it appears to the Court that the appropriate action in this case is to recommit the matter to the Magistrate Judge for consideration of whether Williams' case should be allowed to proceed. First, the Magistrate Judge should consider whether Williams' previous dismissals in this Court, or others, fall within the parameters of § 1915(g).[1] If the Magistrate Judge determines that Williams has three strikes,

---

[1] In this regard, the Court respectfully requests the Magistrate Judge to identify each dismissal that it contends satisfies § 1915(g) and to offer some explanation for such conclusion. The Magistrate

he should next consider whether Williams' complaint shows that he "is under imminent danger of serious physical injury," as that term is employed in § 1915(g).[2]  Finally, having made the necessary determinations required by § 1915(g), the Magistrate Judge is requested to enter a recommendation detailing his conclusions.

    **SO ORDERED**, this the 15th day of September, 2006.

                                          **s/ Hugh Lawson**
                                          **HUGH LAWSON, JUDGE**

mls

---

Judge is not bound by the findings made in Case No. 6:01-cv-28, and if a different conclusion is warranted as to the effect of Williams' prior dismissals, the Magistrate Judge should say so.

[2] The Court notes that Williams' complaint sets forth three distinct claims. At least one claim, subsection A, arises from events occurring entirely in the past and does not show "imminent danger of serious physical injury." In the event that the Magistrate Judge determines that Williams has three strikes, but that he has shown "imminent danger of serious physical injury," such that the bar on filing without prepayment of fees would not apply as to that claim, the Magistrate Judge should also address whether Williams' claims which do not show imminent danger, such as subsection A, should be allowed to proceed.