## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## THOMASVILLE DIVISION

| | | |
|---|---|---|
| ZESTER WILLIAMS, SR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 6:05-CV- 65 (HL) |
| | * | 42 U.S.C. § 1983 |
| CARLTON POWELL, et al., | * | |
| | * | |
| Defendants. | * | |

## **REPORT AND RECOMMENDATION**

On December 16, 2005, Plaintiff filed a Section 1983 action against the Defendants, along with a motion to proceed *In Forma Pauperis*. Finding that he was unable to pay the required $250 filing fee, Plaintiff was granted *IFP* status and service was ordered upon the Defendants. 28 U.S.C. § 1915(g), the three strikes provision, however, bars a prisoner, who has filed three or more complaints that have been dismissed as frivolous or malicious or for failure to state a claim, from filing a complaint *in forma pauperis,* unless the prisoner is "under imminent danger of serious physical injury."

After reviewing the filing record of the Plaintiff, it appears, as noted in case number 6:01-CV-28, wherein the court found that Plaintiff was barred from proceeding *IFP* by the three strikes rule(R-4), that at least three civil cases filed in this court by the Plaintiff were properly dismissed for failure to state a claim upon which relief could be granted. More specifically, case numbers 6:99-CV-40; 5:00-CV-474 and 5:00-CV-513 were each dismissed because the Plaintiff had failed to exhaust his available administrative remedies, thereby

failing to state a claim upon which relief might be granted, pursuant to F.R.C.P. 12(b)(6).[1] As was found in case number 6:01-CV-28, then, Plaintiff's present action is clearly barred from being prosecuted *in forma pauperis* pursuant to the "three strike" provision of the PLRA, 28 U.S.C. §1915(g); F.R.C.P. 12(b)(6). For that reason, Plaintiff should not have been allowed to proceed *in forma pauperis* in this action unless he was in imminent danger of serious physical injury.

In reviewing the claims asserted in Plaintiff's current action, it appears that the alleged violations occurred during two separate arrests on July 8, 2004, and November 6, 2005, respectively. Plaintiff's complaint was not filed until December 16, 2005. The Eleventh Circuit has held that to meet the "imminent danger" exception to the three strikes provision, the Plaintiff's complaint must contain *current* allegations of the imminent danger of serious physical harm. *See, Medberry v. Butler,* 185 F.3d 1189, 1192-93 (11th Cir. 1999)(emphasis added). The allegations in the Plaintiff's complaint pertain to constitutional violations regarding his right to adequate medical care and racial discrimination. As he stated in his complaint, the actions complained of occurred at least one month prior to the filing of the lawsuit. Therefore, Plaintiff failed to allege that he was, at the time his complaint was filed, in imminent danger of serious physical injury. As such, Plaintiff's case does not meet the exception to the three strikes rule as found in 28 U.S.C. § 1915(g).

---

[1] As was also noted in the Recommendation (R- 4) in case number 6:01-CV-28, the 11th Circuit has held that where a plaintiff's claim fails to allege the required exhaustion of remedies, it is equivalent to one that fails to state a claim upon which relief may be granted. *See, Rivera v. Allin*, 144 F.3d 719,731 (11th Cir. 1998).

WHEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Proceed *In Forma Pauperis* be revoked and that the complaint be dismissed.[2]  Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the United States District Judge, within TEN (10) DAYS after being served a copy of this order.

**SO RECOMMENDED**, this 18th day of September 2006.


S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

---

[2] The Eleventh Circuit has ruled that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.