IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **ZESTER WILLIAMS, SR.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civil Action No. 6:05-cv-65(HL) |
| **CARLTON POWELL, et al.,** : | |
| : | |
| Defendants. : | |
| _____ | |

# ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge G. Mallon Faircloth (Doc. 24), entered September 18, 2006. The Magistrate Judge recommends that the complaint be dismissed pursuant to the three strikes provision of 28 U.S.C.A. § 1915(g). Plaintiff, Zester Williams, Sr., has not filed written objections to the Recommendation, as permitted by 28 U.S.C.A. § 636(b)(1). The Court hereby accepts the Recommendation of the Magistrate Judge, for reasons more fully set forth below.

On December 16, 2005, Williams filed a complaint and request to proceed without prepayment of fees. Williams was a prisoner at the time of filing his complaint. Consistent with the practices of this Court, Williams' request to proceed without prepayment of fees was referred to the Magistrate Judge. By Order entered January 11, 2006, the Magistrate Judge determined that Williams should be allowed to proceed *in forma pauperis* (IFP).

After Williams was permitted to proceed IFP, it came to the Court's attention that in a previous order entered in a case in this District, it was determined that Williams met the three

strikes restriction imposed by 28 U.S.C.A. § 1915(g).  *See* Williams v. Colquitt County Drug Squad, Civil Action No. 6:01-cv-28 (wls), filed April 17, 2001.  Thereafter, the Court recommitted the matter to the Magistrate Judge for consideration of whether Williams' case should be allowed to proceed.  It is now the recommendation of the Magistrate Judge that the case should not proceed but, instead, should be dismissed.  The Court agrees.

With respect to the right of prisoners to proceed IFP, 28 U.S.C.A. § 1915(a)(1) provides that courts may authorize the commencement of suit without prepayment of fees.  However, § 1915(g) denies this right to certain litigants.  Specifically, § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.A. § 1915(g) (West Supp. 2006).  Section 1915(g) is commonly referred to as the "the three strikes rule."  The United States Court of Appeals for the Eleventh Circuit has held that when a prisoner plaintiff is barred by the three strikes rule from proceeding IFP, he must pay the filing fee at the time he initiates his lawsuit.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

In considering whether Williams is barred by the three strikes rule from proceeding IFP, the Magistrate Judge looked at three cases from this Court:  Williams v. Georgia, No. 6:99-cv-40 (M.D. Ga. 1999), Williams v. IRS, No. 5:00-cv-513 (M.D. Ga. 2000), and Williams v. IRS, No. 5:00-cv-474 (M.D. Ga. 2000).  The Magistrate Judge determined that because each of these

cases was dismissed for failure to exhaust available administrative remedies, each case was a strike for purposes of § 1915(g).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (holding that a claim that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted").  Williams has not challenged the characterization of these cases as three-strike cases.

Having determined that Williams had three strikes before he applied to proceed IFP in this case, the Magistrate Judge next considered whether Williams' pleadings brought his case within the "imminent danger" exception presented by § 1915(g).  The Magistrate Judge concluded that Williams' complaint failed to set forth current allegations of imminent danger of serious harm.  The Magistrate Judge recommended, therefore, that Williams' complaint be dismissed.

The Eleventh Circuit has clearly held that when a district court denies a prisoner leave to proceed IFP pursuant to the three strikes rule, "the proper procedure is for the district court to dismiss the complaint without prejudice."  Dupree, 284 F.3d at 1236.  As the court stated in Dupree, "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status."  Id.  In this case, however, the Court allowed Williams to proceed IFP before it learned that he had three strikes against him.  Thus, the Court must address whether dismissal is appropriate under these circumstances.

Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improperly made.  *See, e.g.,* Magee v. Clinton, No. 04-5247, 2005 WL 613248 (D.C. Cir.

3

Mar. 14, 2005) (IFP status granted by district court but revoked by appellate court because plaintiff had three strikes); Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996) (dismissing an appeal filed before the effective date of the Prison Litigation Reform Act after determining that appellant met three strikes provision of § 1915(g), which became effective while appeal was pending); Brown v. Montgomery County, No. 04-5729, 2006 WL1997448 (E.D. Pa. July 7, 2006) (granting defendants' motion to revoke IFP status of plaintiff because of three strikes); McFadden v. County of Nassau, No. CV 97-4146, 1998 WL 151419 (E.D.N.Y. Mar. 26, 1998) (revoking grant of IFP status and dismissing case without prejudice); Turner-El v. Washington, No. 96 C 6323, 1998 WL 566880 (N.D. Ill. Mar. 2, 1998) (relying on Adepegba, and revoking grant of IFP status and dismissing case without prejudice).

In revoking the IFP status of an appellant, the Fifth Circuit noted, "there is no absolute 'right' to pursue a civil appeal i.f.p.; rather it is a privilege extended to those unable to pay filing fees in a timely manner." Adepegba, 103 F.3d at 386. The results in Adepegba as well as the other cases cited above reflect a belief by these courts that a plaintiff's privilege to proceed IFP should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege.

This Court finds the reasoning employed by these courts to be persuasive and, therefore, agrees with the Magistrate Judge that the proper action to take is to revoke Williams' IFP status and dismiss the complaint. Therefore, the Recommendation of the Magistrate Judge is accepted; the complaint is dismissed without prejudice. All pending motions are hereby rendered moot. The Clerk is directed to close the case.

**SO ORDERED**, this the 25th day of October, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls